JNO. D. GRUELLE, ET AL. *v.* JAMES C. GARRARD, ET AL.

[Abstract Kentucky Law Reporter, Vol. 7—598.]

**Partial Payments, How Credited.**

> Where a purchaser of real estate gives his notes and makes payments thereon from time to time, interest should be calculated from maturity on all the notes at the rate provided in the contract up to the date of each credit and so on until all the credits are applied, and the balance due with six per cent. interest is what the creditor is entitled to recover.

APPEAL FROM HARRISON CIRCUIT COURT.

February 23, 1886.

OPINION BY JUDGE PRYOR:

In this case the appellants purchased of the appellees a tract of land for $2,500, for which they executed three notes for $833.-35⅓ cents each. The two first notes were paid and an action instituted by the representatives of the vendor to enforce the lien for the last payment. The vendor (Gruelle) pleaded payment on the two first notes, and also payments on the last note, claiming credit by reason of those payments for a larger sum than the appellees were willing to give. The payments were denied, but when the proof was taken and an agreement made as to the payments it clearly appears that appellants are entitled to a greater credit than they have received.

It is insisted that some of the payments were consumed in the payment of usury on the first two notes, and this accounts for the difference. Usury has not been pleaded by the appellants, nor has it been pleaded by the appellees for them. It is only a question as to how much money was paid on the three notes. No settlement or defense is interposed by answer or plea so as to prevent the application of any payment made to a credit on the land transaction; nor are we prepared to say that such a defense would be listened to in a court of equity. How much money did appellants pay on the land? The commissioner should take the three notes, calculating interest from maturity at six per cent. up to the date of each credit and so on until all the credits are applied, and the

balance due with six per cent. interest the appellees are entitled to recover. It is doubtful if any deficit in the land exists, and if so it is so small that the chancellor will not under the circumstances correct it. Judgment *reversed* and remanded for proceedings consistent with this opinion.

*Martin & Ratcliffe, for appellants.*

*T. T. Forman, for appellees.*